UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC A. BLOOM and<br>CHARLES K. MOSLEY | No. 12 CR 409<br><br>Judge Ronald A. Guzman |

## PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the motion of the government, pursuant to Federal Rule of Criminal Procedure 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. The materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and, without further order of this Court, may not be used by defendants and defendants' counsel (defined as counsel of record in this case) in connection with any other proceeding, including *U.S. Securities and Exchange Commission v. Sentinel Management Group, Inc. et al.*, 07 C 4684, a matter pending in the U.S. District Court for the Northern District of Illinois, *U.S. Commodity Futures Trading Commission v. Sentinel Management Group, Inc. et al.*, 08 C 2410, a matter pending in the U.S. District Court for the Northern District of Illinois, and *Frederick J. Grede, as Bankruptcy Trustee for Sentinel Management Group, Inc. v. Eric A. Bloom et al.*, 07 B 14987, a matter pending in the bankruptcy court for the Northern District of Illinois, or any other lawsuit filed as a result of the failure or bankruptcy of Sentinel Management Group, Inc.

2. Defendants and defendants' counsel shall not disclose the materials or their contents directly or indirectly to any person other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court. In no event shall defendants, defendants' counsel, and authorized persons publish or make available to any news media any of the materials without having received prior permission from the Court.

3. Defendants, defendants' counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendants, defendants' counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. Defendants, defendants' counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

6. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered

by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

7. To the extent any material is produced by the United States to defendants or defendants' counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendants and/or defendants' counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

8. The restrictions set forth in this Order do not apply to materials that are or become part of the public court record, nor do the restrictions set forth in this Order apply to materials that been obtained by the defendants in other legal proceedings.

9. Nothing in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

RONALD A. GUZMAN
District Judge
United States District Court
Northern District of Illinois

Date: 8/22/2012